LOCKE INSULATOR MFG. CO. v. LEY et al.

(Circuit Court, D. Massachusetts. January 26, 1906.)

No. 1,617.

PATENTS—INVENTION—INSULATOR PIN.

The Locke patent, No. 493,434, for an insulator pin comprising a base having a central opening, an insulating sleeve mounted thereon, and a bolt for securing them together and to the cross-arm, does not specify the material of which the base is to be made, and contains no suggestion that it is to serve any purpose other than that of a support to the insulating sleeve, and cannot be construed to cover the use of an insulating base for the purpose of securing an added insulation, but only as a mechanical structure; and, as such, it is void for lack of invention.

In Equity. On final hearing.
Affirmed by Circuit Court of Appeals, 143 Fed. 985.

Howard P. Denison, for complainant.
George A. Rockwell, for defendants.

BROWN, District Judge. This suit is for infringement of letters patent No. 493,434, dated March 14, 1893, to Fred M. Locke, for an improvement in insulator pins. The only question presented is whether the patent describes a patentable invention. The defendants do not deny infringement if the patent is valid. The claims sued upon are:

"(1) An insulator pin comprising a base having a central opening, an insulating sleeve mounted thereon, and a bolt for securing them together and to the cross-arm, as set forth.

"(2) An insulator pin comprising a hollow base, and a threaded or corrugated insulating sleeve mounted thereon, and a bolt for securing them together and to the cross-arm.

"(3) An insulator pin comprising a base, enlarged in size at its lower end and having a central opening, an insulating sleeve mounted thereon and means for securing them together and to the cross-arm."

The devices of the prior art shown by the defendant are the following: The ordinary wooden insulator pin, with a thread at the top to hold the glass insulator cap, a tang at the bottom which enters the cross-arm, and a shoulder which rests upon the top of the cross-arm; and the "insulator support" of the Doren patent, No. 472,529, which consists of an iron pin which goes through the cross-arm, and has at its top a wooden thimble or sleeve to receive the glass insulating cap. Doren's main object was to substitute iron for wood, and to avoid the boring of large holes in the cross-arm, and thus secure greater strength.

The device of the patent in suit resembles Doren's in having an iron pin which goes through the cross-arm, and a wooden sleeve. It differs from it in having a base which surrounds the pin, supports the insulating sleeve, and rests upon the cross-arm. This base is enlarged at the lower end, affording lateral support; the enlargement serving the same purpose as the shoulder of the old wooden pin. It is said also that this enlarged base serves to shed water, and to prevent the accumulation of water at the junction of the iron pin and cross-arm, and consequent rot. The iron pin of the patent is provided with a nut, and serves to bolt firmly together the sleeve, the base, and the cross-arm.

While it is quite probable that moisture is better excluded from the junction of the pin and cross-arm by the patented structure than by the wooden pin or by Doren's pin, this feature is not referred to in the patent. Cheapness and durability of construction were apparently the patentee's only objects; and I agree with the opinion of defendant's experts that the insulator pin of the patent, regarded merely as a mechanical device for giving mechanical support to a glass insulator, does not exhibit invention.

The complainant seeks to extend the scope of the patent by reference to certain electrical advantages of the complainant's pin. Nothing of this kind is referred to in the patent; and, in view of the concessions of complainant's expert, it is highly improbable that, at the time of the application for the patent in September, 1892, the patentee had any conception that an insulator pin should be constructed so as

to prevent static discharges of a current of high power from burning out or charring the pin at its juncture with the cross-arm.

The patent discloses no intention to make the base an insulator in itself, and following the directions of the patent would not result in a pin having such electrical advantages as are attributed to the pin manufactured by the complainant. The complainant uses a base of heavy glass, and it is said by complainant's expert that the use of a base of high insulating material tends to obviate short circuiting and burning out of the pin at the point of junction of the pin with the cross-arm. I am of the opinion, however, that such advantages as result from the use of a base of glass or porcelain, or high insulator, as distinguished from wood, metal, or noninsulating material, are without the scope of the patent.

The only insulating feature of the insulator pin of the patent is a removable insulating sleeve. The insulating sleeve is to receive the insulating cap to which the wires are attached. There is no suggestion in the patent that the base is to serve any other function than that of a mechanical support. As it is conceded that the claims would be equally infringed whether the base were composed of high insulating material or of noninsulating material, in determining the question of invention we must consider only those features common to bases of insulating and of noninsulating material, namely, mechanical features.

It is urged, however, that one of the advantages of the mechanical structure shown in the patent in suit, having the base and insulating sleeve separate parts, is that the two parts can be made of different material, thus permitting the use of a high insulating material for the base.

It is quite true that a post, consisting of two or more pieces fastened together with a bolt, possesses an advantage over a post made up of a single piece of wood or stone. In the former the two pieces may be of different material, while in the latter they must be of the same material. But this is a piece of common knowledge, and its application to a post for an insulating cap by one who desired to use two different materials in a single post, would not constitute invention.

Assuming, for the argument, that it might constitute invention to make an insulator pin which served to support an insulator cap and also was itself an insulator to prevent arcing and burning out of the wood of the cross-arm, there is no indication in the patent that Locke had made such an invention prior to his application. At what period he began to use a base of high insulating material does not appear. This question, however, is immaterial. It is very clear that the patent shows merely a mechanical device having no novel electrical properties, and that it describes neither the complainant's commercial insulator pin nor a patentable invention.

The bill will be dismissed.